IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA DE JESUS SALAS ROJAS, and JAVIER ROJAS, </br></br>    Plaintiffs,</br></br>vs.</br></br>PAUL D. KRATZ, et al.,</br></br>    Defendants. | 8:05cv125</br></br>MEMORANDUM AND ORDER |

This matter is before the court on filing nos. 2, 4, 5, 7, and 8, filed by the plaintiffs, Maria de Jesus Salas Rojas and Javier Rojas. In filing no. 2, the plaintiffs move for leave to proceed in forma pauperis ("IFP"). Because the plaintiffs qualify to proceed IFP, filing no. 2 is granted.

However, as the plaintiffs are proceeding IFP, their complaint is subject to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

For several reasons, the above-entitled action must be dismissed. First, the plaintiffs are represented by a person named Ray Mondragon who lives in Texas and is not licensed to practice law in Nebraska or authorized to appear pro hac vice in this case.

In fact, it appears that Mr. Mondragon is not an attorney. Nevertheless, in filing nos. 4 and 7, the plaintiffs state that they "want Ray Mondragon to represent us in this matter" because they do not speak or write English and they are unfamiliar with the law. They ask the court to authorize Mr. Mondragon to act as their "mouthpiece" and to allow him to attend hearings on their behalf by telephone. In addition, Mr. Mondragon, as well has the plaintiffs, has signed the complaint and the proposed Amended Complaint. Only Mr. Mondragon has signed filing no. 8, the plaintiffs' Motion to Amend Complaint. The plaintiffs have not provided their own addresses anywhere in the record. Instead, they direct all communications by the court and other parties to Mr. Mondragon's address.

Notwithstanding the plaintiffs' request, the court cannot permit Mr. Mondragon to represent the plaintiffs in any fashion in this case. To hold otherwise would be to allow Mr. Mondragon to engage in the unauthorized practice of law. By virtue of 28 U.S.C. § 1654, the plaintiffs have a right to represent themselves in federal-court litigation, but they do not have a right to representation by a nonattorney. See, e.g., Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998): "[A] person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him .... For example, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own minor child." (Citations omitted.)

Similarly, Mr. Mondragon has no federally protected right to engage in the unauthorized practice of law. On the contrary, sanctions and orders of civil contempt have been held appropriate for improper conduct such as the unauthorized practice of law. See, e.g., In the Matter of: David M. Bagdade, 334 F.3d 568 (7th Cir. 2003). Even a client's

2

power of attorney does not confer authority on a layperson to act as attorney-in-fact for the client. See Megna v. U.S. Department of Navy, 317 F. Supp.2d 191, 192 (E.D.N.Y. 2004):

> Federal courts have rejected the notion that an agent with power of attorney may appear pro se on behalf of the principal .... In such cases, courts have discretionary power regarding disposition of the case. First, courts can dismiss the action .... Second, courts can dismiss the action without prejudice to the right of the principal to secure an attorney .... Finally, courts can order the documents filed by the agent stricken, together with an injunction forbidding further representation by the agent.

In this case, the record indicates that all pleadings have been prepared and filed by Mr. Mondragon rather than the plaintiffs. Accordingly, dismissal of this litigation without prejudice is warranted.

Second, in their complaint, the plaintiffs purport to bring this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a. The plaintiffs seek disclosure of documents they requested pursuant to FOIA from the defendants, the City of Omaha, a City Department and individual City employees, and they ask the court to fine the defendants for failing to comply with the plaintiffs' FOIA requests.

However, the FOIA applies only to federal, not state or local, governmental bodies or agencies. See 5 U.S.C. § 552; 5 U.S.C. § 552a; Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999); Mamarella v. County of Westchester, 898 F. Supp. 236, 237-238 (S.D.N.Y. 1995). See also Jones v. City of Indianapolis, 216 F.R.D. 440, 443 (S.D. Ind. 2003) and cases cited therein. Thus, the disclosure obligations imposed on "agencies" by the FOIA do not require state and local agencies, entities or governments to make information or documents available to members of the public. In addition, actions pursuant to the FOIA are not properly brought against individual

employees or officials of an agency. Petrus v. Bowen, 833 F.2d 581, 582-583 (5th Cir. 1987). Accord Johnson v. Commissioner, 239 F. Supp.2d 1125, 1139 (W.D. Wash. 2002) (individual agency employees are not proper party defendants in FOIA actions), *aff'd by unpublished opinion*, 2003 WL 21500036 (9th Cir. 2003). Accordingly, although the plaintiff's Motion for Leave to Proceed in Forma Pauperis is granted, the complaint and this case must be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiffs' Motion for Leave to Proceed in Forma Pauperis, is granted;

2. That the plaintiffs' complaint and this action are dismissed without prejudice;

3. That all other pending motions (filing nos. 4, 5, 7 and 8) are denied; and

4. That a separate judgment will be entered accordingly.

DATED this 29th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

4